UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | No. 2:25-cv-0784-SCR |
| Petitioner, | |
| v. | ORDER AND |
| CDCR STAFF, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the motion for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

In his habeas petition, petitioner challenges his 2011 conviction following a guilty plea to battery on a correctional officer. ECF No. 1. He was sentenced to twenty-five years to life in prison. ECF No. 1. Petitioner acknowledges that he previously filed a § 2254 petition challenging this same conviction. ECF No. 1 at 5.

Court records also reveal that petitioner has previously filed a petition for a writ of habeas corpus attacking the conviction and sentence challenged in this case. See Herrera v. Gipson, Case

1

1 No. 2:12-cv-0508 DAD P.[1]  The previous petition was filed on February 27, 2012 and was denied on the merits on April 1, 2016.  Petitioner appealed the denial of his habeas petition to the Ninth Circuit Court of Appeals, which denied him a certificate of appealability.  See Herrera v. Gipson, Case No. 2:12-cv-0508-DAD-P at ECF No. 129.

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the court must review any petition for a writ of habeas corpus and summarily dismiss it if it is plain that the petitioner is not entitled to relief.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  In this case, it plainly appears that this court lacks jurisdiction over petitioner's second or successive § 2254 application because he has not received prior authorization to file it from the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244(a).  Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3).  Therefore, the undersigned recommends dismissing petitioner's § 2254 petition without prejudice to its re-filing after obtaining authorization from the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted.

2. The Clerk of Court shall randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice as an unauthorized second or successive § 2254 petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

---

[1] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE